McCauley, Appellant, v. Shiplett et al.

Argued April 23, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*A. M. Whitaker,* with him *Edward A. Kelly,* for appellant.

*Charles E. Kenworthy* and *Ralph B. Evans,* for appellee, were not heard.

PER CURIAM, May 12, 1930:

Plaintiff sued Margaret Shiplett and the Musical Art Club of Philadelphia to obtain damages for injuries sustained by her on October 21, 1926; she recovered a verdict as against both defendants; Margaret Shiplett was granted a new trial and judgment was entered in favor of the Musical Art Club, notwithstanding the verdict; this appeal is from the latter order.

In affirming, we adopt the following excerpts from the opinion of the court below: "Margaret Shiplett leased from the Musical Art Club of Philadelphia, the basement of premises 1811 Ranstead Street for two years commencing October 1, 1925, for the Southern Tea Room, of which she was the proprietress...... A stairway leading from the street to the basement was constructed by the ......Club......before the tea room opened. Access [from the street] to the stairway was by a door opening out to the right over the pavement. There was a railing to the left going down. There were five steps to a platform or landing, on which a turn to the right was made with a similar number of steps leading to the floor of the tea room. In the ceiling of the stairway over the landing......there was an electric light. This was put in and paid for by Margaret Shiplett, and she attended to turning it off and on. At about 5:30 in the afternoon of October 21, 1926, plaintiff, accompanied by a friend, opened the door to enter [this stairway leading to] the tea room. She stepped in and fell. She testified: 'I lost my balance on the narrow [top] step,' and, 'my foot protruded about two and a half inches over the edge of the step.' This top step was not flush with but below the pavement of Ranstead Street, and was seven and a half inches wide. She did not know whether the second step from the top and the bottom step were wider than this top step. She did not

remember whether she looked at the top step before stepping on it, although she had been there once before and had fallen coming up the steps. Plaintiff also testified that the stairway was dimly lighted by the reflection of the dining room from the top window of the door at the bottom of the stairway.

"Plaintiff claims that her fall was caused by two conditions, one of which was the defective condition of the steps [, in that they were not properly constructed for safe use], and the other was the absence of sufficient light. ...... There is no evidence of any defect in the construction of the stairway. The only testimony is that the top step was seven and a half inches wide. This of itself does not indicate lack of care in the construction of a safe means of entrance to the tea room. ...... The responsibility for the proper lighting of the stairway was upon [the tenant] who installed the light. She testified that, although the Musical Art Club of Philadelphia paid the electric light bills, she turned the light 'in and out.' She was not acting as manager of the tea room in behalf of the Musical Art Club of Philadelphia, for she leased the basement from it, paying $30 a month rent. She conducted the tea room as proprietress, receiving all the profits. That the......Club......reserved the right to use the basement one night a week is immaterial. It was not in charge when the accident happened. ......

"The Musical Art Club of Philadelphia not being responsible for the lighting of the stairway, and no negligence in the construction of the stairway being shown, the motion of [this] defendant, for judgment n. o. v., was granted."

The judgment is affirmed.